Opinion issued July 10, 2008





 




In The 

Court of Appeals

For The

First District of Texas






NO. 01-06-00807-CR

 __________


RITA CAROL MERCER, Appellant


V.


 THE STATE OF TEXAS, Appellee






On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 41,151






O P I N I O N

 After receiving deferred adjudication community supervision following her
negotiated guilty plea, appellant filed a motion for new trial, arguing that her plea was
void. The trial court denied the motion. On appeal, appellant argues that the trial
court abused its discretion by not vacating her void plea. We dismiss for lack of
jurisdiction.

Background Appellant was indicted for aggravated assault. Pursuant to a plea bargain, she
pleaded guilty to a Fort Bend County associate judge who accepted her plea and
signed a judgment assessing punishment at 10 years' deferred adjudication community
supervision. Appellant signed a waiver of her right to file a motion for new trial or
appeal. The associate judge also made findings of fact and conclusions of law and
signed a certification of appellant's right to appeal, indicating that appellant has no
right to appeal because of her plea bargain and waiver. The district court signed an
order ratifying, accepting, and approving the associate judge's actions and
recommendations.

 Appellant filed a pro se motion for new trial. Subsequently, she was appointed
counsel, who filed an amended motion for new trial, arguing that, because appellant
has a constitutional right under Article V of the Texas Constitution to have a district
court hear her felony case, the associate judge, as a non-Article V judge, was without
jurisdiction to hear and accept her plea. The district court denied appellant's motion. 
On appeal, appellant asserts that the district court abused its discretion in denying her
motion for new trial and failing to vacate the associate judge's judgment because the
associate judge lacked jurisdiction to make determinations on her felony case.

Right to Appeal Under the Texas Rules of Appellate Procedure, a criminal defendant's appeal
must be dismissed if the record does not include a certification indicating that the
defendant has a right to appeal. Tex. R. App. P. 25.2(d). In a plea bargain case where
punishment does not exceed the State's recommendation and is agreed to by the
defendant, a defendant may only appeal 1) those matters raised by written motion and
ruled on before trial, and 2) after getting the trial court's permission to appeal. Id.
25.2(a)(2). In the context of a plea-bargain for deferred adjudication, the Court of
Criminal Appeals has expressed that the requirements of Rule 25.2(a)(2) restrict the
defendant's appellate rights "only when the defendant appeals his placement on
deferred adjudication community supervision pursuant to the original plea." 
Hargesheimer v. State, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). 

 Here, even though appellant's issue is phrased as an attack on the district court's
denial of her motion for new trial, her brief reveals that she is appealing her placement
on deferred adjudication community supervision pursuant to her original plea. 
Because appellant was sentenced pursuant to the agreed terms of the plea bargain, (1) and
did not satisfy the exceptions of Rule 25.2(a)(2), we conclude that she has no right to
appeal, (2) and we must dismiss this appeal "without further action." Chavez, 183
S.W.3d at 680. Accordingly, the appeal is dismissed for lack of jurisdiction. Any pending
motions are denied as moot.


 George C. Hanks, Jr.

 Justice 

 

Panel consists of Justices Nuchia, Alcala, and Hanks.

Publish. Tex. R. App. P. 47.2(b).
1. The associate judge signed a judgment sentencing appellant to punishment that fell within the terms
of the plea bargain agreement, and the district court signed an order ratifying, approving, and
accepting the associate judge's actions
. See Tex. Gov't Code Ann. § 54.1020 (In Fort Bend
County, the findings and recommendations of the associate judge become the decree of the referring
court when adopted and approved by an order of the court).
2. We recognize that appellant claims that her challenge to the associate judge's acceptance of her
plea is jurisdictional. However, the Court of Criminal Appeals has recently recognized that there
is no jurisdictional challenge exception in Rule 25.2(a)(2) and expressed that a defendant must raise
even a jurisdictional issue in a pre-trial motion or receive the trial court's permission in order to
bring the issue on appeal, even if "possibly meritorious." Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006). Likewise, the requirements of Rule 25.2(a)(2) apply to appellant's claims
that her plea was involuntary. See Cooper v. State, 45 S.W.3d 77, 77 (Tex. Crim. App. 2001).